FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 18 2016 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JAHVON BROMFIELD,

               Plaintiff,

  -against-

NEW YORK STATE, NEW YORK CITY,
RIKERS ISLAND, MATTHEW WALLER,
EDWARD FAJARDO, and EBANKS &
SATTLER LLP,

               Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
15-CV-3529 (CBA) (RML)

**AMON, United States District Judge:**

Plaintiff Jahvon Bromfield, currently incarcerated at Clinton Correctional Facility, brings this pro se complaint pursuant to 42 U.S.C. § 1983 alleging that he was injured while incarcerated at the George R. Vierno Center ("GRVC") at Rikers Island Correctional Facility ("Rikers Island"). He also expresses dissatisfaction with the legal services he received from individuals at a law firm he contacted regarding these injuries. Plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 is granted. For the reasons stated below, plaintiff's complaint is dismissed and plaintiff is granted thirty (30) days from the date of this Order to file an amended complaint.

## BACKGROUND

Plaintiff's complaint alleges that in May 2015, while he was incarcerated at GRVC, a facility generally used to confine individuals for short periods while awaiting trial or processing, "he slipped and fell on the water that was coming from the leak [in the ceiling]." (D.E. # 1 ("Compl.") at 36.[1]) As a result of this fall, plaintiff injured his right hand and left eye. (Id. at 4.) Rather than seeking medical attention for plaintiff's injuries, the correctional officers on duty at

---

[1] Citations to the complaint refer to the page numbers assigned when electronically docketed.

1

that time, C.O. McDougald and C.O. John Doe, sent him back to his cell. (Id.) He remained in "lock-in" and was denied medical attention for 12 hours. (Id.) When another correctional officer noticed his injuries, she "knew [he] needed immediate medical attention" and escorted him to the clinic. (Id.) There, he was diagnosed with "left eye orbital fracture, bilateral eyes redness and swelling, left eye swelling between eyebrow and nose bridge, bilateral eyes dark lacerations, nasal swelling, blurred vision, dizziness and migraines." (Id.) After his initial treatment, he was left "to heal on [his] own" and was not "produced" for his scheduled appointments with an eye, nose, and throat specialist. (Id. at 7, 36.) He claims that as a result of these injuries his vision has worsened and he suffers from frequent migraines and dizziness. (Id. at 36.) He seeks monetary damages, punitive damages, and "pain and suffering" damages for these injuries. (Id. at 37.)

Plaintiff further alleges that Matthew Waller, an attorney, Edward Fajardo, a paralegal, and the firm at which they are employed, Ebanks & Sattler LLP engaged in legal malpractice. Plaintiff claims he was "misrepresented, misled, and misinformed" by Waller, Fajardo, and Ebanks & Sattler LLP. (Id. at 6.) His primary complaint appears to be that they represented that they were in the process of filing a "late notice of appeal" regarding his injuries from his slip and fall at Rikers Island when they, in fact, had not taken any action in his case. (Id.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C. § 1915A(a). Upon review, a district court shall dismiss sua sponte any such complaint that is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); Abbas v. Dixon,

2

480 F.3d 636, 639 (2d Cir. 2007); see also Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), mandates sua sponte dismissal of frivolous prisoner complaints).

At the pleadings stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). To avoid dismissal for failure to state a claim, a plaintiff must allege sufficient facts to enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Although a pro se complaint must contain sufficient factual allegations to meet this standard, it is held to less stringent standards than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007). The Court is obliged to construe the pleadings liberally and interpret them as raising the strongest arguments they suggest. Abbas, 480 F.3d at 639.

## DISCUSSION

### I. Immunity

The Court first addresses whether the complaint seeks "relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(2). The Eleventh Amendment "bar[s] suits brought against an unconsenting state in federal courts 'by her own citizens as well as by citizens of another State.'" Tsirelman v. Daines, 794 F.3d 310, 313 (2d Cir. 2015) (quoting Edelman v. Jordan, 415 U.S. 651, 663 (1974)). "This jurisdictional bar applies regardless of the nature of the relief sought." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). As a result, "[a] suit generally may not be maintained directly against the State itself, or against an agency or department of the State, unless the State has waived its sovereign immunity." Fla. Dep't of State v. Treasure Salvors, Inc., 458 U.S. 670, 684 (1982). New York has not waived its immunity to

suits under § 1983 in federal court, see Trotman v. Palisades Interstate Park Comm'n, 557 F.2d 35, 38–39 (2d Cir. 1977), and Congress has not abrogated that immunity, Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989). Accordingly, to the extent plaintiff seeks relief from the State of New York, those claims are dismissed.

## II. Merits

The Court next addresses whether the complaint "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

### A. Section 1983 Claims

Section 1983 "allows an action at law against a 'person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.'" Patterson v. Cty. of Oneida, 375 F.3d 206, 225 (2d Cir. 2004) (quoting 42 U.S.C. § 1983). "Section 1983 is not itself a source of substantive rights . . . [i]t merely provides a method for vindicating federal rights elsewhere conferred." Id. (internal quotation marks and citation omitted). "To avoid sua sponte dismissal of a § 1983 claim, a plaintiff must allege that (1) the defendant was a state actor, i.e., acting under color of state law, when he committed the violation and (2) the defendant deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States." Milan v. Wertheimer, 808 F.3d 961, 964 (2d Cir. 2015) (internal quotation marks and citation omitted).

Plaintiff submits his complaint on a "Civil Rights Complaint" form and generally alleges that both his "constitutional and human" rights have been violated. (Compl. at 6.) The Court therefore liberally construes his complaint as seeking relief pursuant to 42 U.S.C. § 1983 against the remaining named defendants New York City, Rikers Island, Waller, Fajardo, and Ebanks & Sattler LLP. In addition, although these individuals are not named defendants, the Court construes

plaintiff's complaint as seeking relief against individual correctional officers identified as C.O. McDougald and C.O. John Doe and other members of "Rikers Island staff." (See id. at 36.) The Court considers whether plaintiff's § 1983 claims may proceed against each defendant in turn.

### 1. City of New York

Plaintiff has failed to state a § 1983 claim against the City of New York. In order to sustain a claim for relief under 42 U.S.C. § 1983 against a municipal defendant, such as the City of New York, a plaintiff must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." Bd. of Cnty. Comm'rs of Bryan Cty., Okl. v. Brown, 520 U.S. 397, 403 (1997) (citing Monell v. N.Y. City Dep't of Social Servs., 436 U.S. 658, 694 (1978)); Cash v. Cty. of Erie, 654 F.3d 324, 333 (2d Cir. 2011) ("[T]o establish municipal liability under § 1983, a plaintiff must prove that action pursuant to official municipal policy caused the alleged constitutional injury." (internal quotation marks and citation omitted)). "[M]unicipalities are 'responsible only for their own illegal acts,' and cannot be held 'vicariously liable under § 1983 for their employees' actions." Cash, 654 F.3d at 333 (quoting Connick v. Thompson, 563 U.S. 51, 60 (2011)). "Rather, a 'plaintiff must demonstrate that, through its deliberate conduct, the municipality was the moving force behind the alleged injury.'" Id. (quoting Roe v. City of Waterbury, 542 F.3d 31, 37 (2d Cir. 2008)).

Here, plaintiff has not alleged that any of the actions at issue in his complaint were undertaken pursuant to a municipal policy or custom. Plaintiff alludes to the fact that Rikers Island staff "often" fail to produce inmates for medical appointments with specialists, (see Compl. at 7), but he does not allege that this is pursuant to a policy or custom established by the City of New York. Accordingly, plaintiff's § 1983 claim against the City of New York is dismissed for failure to state a claim on which relief may be granted. In light of plaintiff's pro se status, however, plaintiff is granted leave to file an amended complaint alleging additional facts showing that this injury occurred as a result of a municipal policy or custom.

### 2. Rikers Island

Plaintiff also fails to state a § 1983 claim against Rikers Island. "Rikers Island is not a 'person' within the meaning of § 1983, and as part of the New York City Department of Correction, an agency of the City of New York, cannot be sued independently." Farray v. Riker's Island Correctional Facility, No. 12-CV-4717 (ARR), 2012 WL 5289608, at *2 (E.D.N.Y. Oct. 22, 2012) (citing Lauro v. Charles, 219 F.3d 202, 205 n.2 (2d Cir. 2000)). Accordingly, plaintiff's claim against Rikers Island is dismissed with prejudice for failure to state a claim on which relief may be granted.

### 3. Private Parties

Plaintiff also fails to state a § 1983 claim against Waller, Fajardo, and Ebanks & Sattler LLP. Liability under § 1983 is limited to "state actors" acting "under color of state law." See Milan, 808 F.3d at 964. Waller, Fajardo, and Ebanks & Sattler LLP are private parties, not state actors. Although lawyers are "officer[s] of the court," they are generally not considered to be state actors acting "under color of state law" within the meaning of § 1983. Polk Cty. v. Dodson, 454 U.S. 312, 318 & n.7 (1981). Accordingly, plaintiff's § 1983 claims against defendants Fajardo, Waller, and Ebanks & Sattler LLP are dismissed with prejudice for failure to state a claim upon which relief may be granted.

### 4. Individual Correctional Officers

Plaintiff also alleges that two individual correctional officers, C.O. McDougald and C.O. John Doe, were involved in the events at issue. The Court construes plaintiff's claims against these correctional officers as claims for deliberate indifference to a serious medical condition or other serious threat to the health or safety of a person in custody.

Regardless of whether the plaintiff was a pretrial detainee, protected by the Fourteenth Amendment, or a convicted inmate, protected by the Eight Amendment, the Second Circuit has held that "[c]laims for deliberate indifference to a serious medical condition or other serious threat to the health or safety of a person in custody should be analyzed under the same standard irrespective of whether they are brought under the Eighth or Fourteenth Amendment." Caiozzo v. Koreman, 581 F.3d 63, 72 (2d Cir. 2009). To establish a claim of deliberate indifference to a serious medical condition, a pretrial detainee or inmate must show (1) that he had an objectively "serious medical condition," and (2) that this condition was met with subjective "deliberate indifference" on the part of the defendants. Id. (quoting Cuoco v. Moritsugu, 222 F.3d 99, 106 (2d Cir. 2000)).

Plaintiff's allegations are arguably sufficient to satisfy the objective prong of the deliberate indifference test. When determining whether a medical condition is sufficiently serious, courts consider a number of factors, including whether "a reasonable doctor or patient would find [it] important and worthy of comment," whether the condition "significantly affects an individual's daily activities," and whether the condition causes "chronic and substantial pain.'" Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998). Plaintiff has alleged that his injuries included a "left eye orbital fracture" and that he continues to suffer from blurred vision, dizziness, and frequent migraines. These injuries appear to be sufficiently serious to survive this stage of review.

Plaintiff has not, however, made any allegations sufficient to satisfy the subjective prong of the deliberate indifference test. To show that a defendant was "deliberately indifferent" to a detainee's serious medical condition, a plaintiff must show that the defendant "knew of and disregarded an excessive risk to [the detainee's] health or safety and that [the defendant] was both aware of facts from which the inference could be drawn that a substantial risk of serious harm

existed, and also drew the inference." Caiozzo, 581 F.3d at 72 (alterations omitted) (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). Plaintiff only states that he was "denied medical attention and forced to lock-in" for twelve hours after his fall. (See Compl. at 4, 36.) This fails to satisfy the subjective prong of the deliberate indifference standard. Accordingly, plaintiff's § 1983 claims against C.O. McDougald and C.O. John Doe are dismissed for failure to state a claim upon which relief can be granted. In light of plaintiff's pro se status and the possibility that plaintiff could present additional facts in support of this claim, however, the Court grants him leave to amend his deliberate indifference claim against the correctional officers.

### 5. Other Rikers Island Staff

In addition, plaintiff claims that after his injuries were diagnosed other members of Rikers Island staff failed to "produce him" for his scheduled appointments with specialists. (See Compl. at 7, 36.) To the extent plaintiff wishes to pursue a negligence or medical malpractice claim against these defendants, his proper course is to file an action in the New York Court of Claims within the statute of limitations, not a § 1983 action in this Court. N.Y. Correct. Law § 24-a; see Benjamin v. Galeno, 415 F. Supp. 2d 254, 256 (S.D.N.Y. 2005) ("Malpractice claims cannot be brought under Section 1983, because they sound in negligence, and mere negligence does not rise to the level of a constitutional tort.").

To the extent plaintiff claims these defendants were deliberately indifferent to a serious medical condition, his allegations again fail to satisfy the subjective prong of the deliberate indifference standard. As with plaintiff's deliberate indifference claims against the correctional officers, the Court grants him leave to amend his deliberate indifference claim against other members of Rikers Island staff.

### B. Legal Malpractice

The complaint also alleges a legal malpractice claim against Waller, Fajardo, and Ebanks & Sattler LLP. Legal malpractice is a claim which arises under state law and this Court does not have subject matter jurisdiction over the claim unless it exercises its supplemental jurisdiction. Under New York law, to succeed on a claim of legal malpractice, a plaintiff must establish three elements: "(1) a duty, (2) a breach of the duty, and (3) proof that the actual damages were proximately caused by the breach of the duty." Ocean Ships, Inc., v. Stiles, 315 F.3d 111, 117 (2d Cir. 2002) (quoting Tinelli v. Redl, 199 F.3d 603, 606 (2d Cir. 1999)). Should plaintiff successfully set forth a federal claim in his amended complaint, the Court will then determine if it should exercise its supplemental jurisdiction over plaintiff's legal malpractice claim.

## CONCLUSION

Accordingly, the complaint is dismissed in its entirety. 28 U.S.C. § 1915(e)(2)(B); id. § 1915A(b). In light of plaintiff's pro se status, however, plaintiff is granted thirty (30) days to amend his complaint with regard to his claims against the City of New York and his deliberate indifference claims against the individual correctional officers and other members of Rikers Island staff.

Should plaintiff decide to file an amended complaint, it must be submitted within thirty days of this Order, be captioned "Amended Complaint," and bear the same docket number as this Order. In the amended complaint, plaintiff should, to the extent possible, name as proper defendants those individuals who have some personal involvement in the actions he alleges in the amended complaint and provide the dates and locations for each relevant event. Even if plaintiff does not know the names of the individuals, he may identify each of them as John Doe or Jane Doe. To the best of his ability, plaintiff must describe each individual and the role he or she played

9

in the alleged deprivation of his rights. Plaintiff is advised that the amended complaint will completely replace the original complaint.

If plaintiff fails to comply with this Order within the time allowed, the complaint shall be dismissed and judgment shall enter. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: May  18 , 2016
Brooklyn, New York

s/Carol Bagley Amon

Carol Bagley Amon
United States District Judge